

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 4, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas   78711

Dear Mr. Calvert:

Opinion No. (C- 306)

Re:   Whether the Admissions
      Tax is due on the charge
      to watch a professional
      roller derby contest.

     Your question is whether the admissions tax is due on the following described event:

> "Roller derby events are contests between two of the five teams which make up the National Roller League.   These teams compete against each other in various cities of the United States (one such city being El Paso, Texas) before audiences who pay admission prices.   The game itself is a matter of one team scoring more points than the other.   Points are scored by a member of one team circling the track and passing members of the opposing team.   Due to the nature of the game and the speed at which it is played, the oval track upon which the players skate is sharply banked at each end.   The track is portable and may be set up at skating rinks, which would be an ideal location for such an exhibition.   However, any place with room for the track could be utilized."

    The contest is not one solely of speed.   Members of the "offensive" team try to assist a designated member of that team in passing members of the "defensive" team by skating strategy and maneuvers.   The defensive team members try to avoid being passed by blocking and skating skill.

    To be taxable the event must come within the terms of one of the following sections of Article 21.02, Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended:

> "(3)   There is hereby levied a tax of one cent (1¢) on each ten cents (10¢) or each fractional part thereof paid as admission to horse racing, dog racing, motorcycle racing, automobile racing, and like mechanical or animal contests and exhibitions."

"(4)   There is hereby levied a tax of one cent (1¢) on each ten cents (10¢) or a fractional part thereof paid as admission to dance halls, night clubs and skating rinks, and any and all other like places of amusements, contests, and exhibitions where the admission charged is in excess of fifty-one cents (51¢)."

It has been held that the touchstone of section 3 is racing.  Attorney General Opinion No. O - 820 (1939). "Racing" is defined in Webster's New International Dictionary, P. 1870 (3d Ed. 1963), as "The sport or profession of engaging in or holding races,"  which are defined as "a running in competition; a contest of speed (as in running, riding, sailing)."

As we understand the roller derby, it is not a contest of speed, because the object is not to determine who can cover a given distance in the shortest time.  Rather, it involves scoring points by passing members of the opposite team within a given time, in which the speed of travel is irrelevant.

Therefore, we hold that no admissions tax is due on the professional roller derby contests under the provisions of Article 21.02(3).

We have found no precedent that would aid in the construction of Article 21.02(4).  Article 10, Title 1, Revised Civil Statutes of Texas, 1925, as amended, provides as follows:

"The following rules shall govern in the construction of all civil statutory enactments:

"1.  The ordinary signification shall be applied to words, except when words of art or words connected with a particular trade or subject matter, . . . ."

Looking again to Webster's Dictionary, supra, we find that "like" means "the same or nearly the same (as in nature, appearance or quantity)."

The roller derby is held upon a specially constructed banked track which is different in appearance from the flat floor of the ordinary skating rink. Unlike what appears to be the common factor of dance halls, night clubs and skating rinks that those who pay to enter can participate in the use of the facilities, only the members of the roller derby teams are permitted on the roller derby track.

Therefore, we hold that the roller derby contests are not "like places of skating rink contests" to be taxable under Article 21.02(4).

## S U M M A R Y

Professional roller derby contests are not taxable under the Admissions Tax Law of Texas.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: R GORDON APPLEMAN
Assistant Attorney General

RGA:sjl

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta Payne
Ivan Williams
H. Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler